# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DRE' DEN DUMAS, TDCJ #2248264,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **TEXAS DEPARTMENT OF,** | § | **SA-21-CV-00492-XR** |
| **CRIMINAL JUSTICE BOARD OF** | § | |
| **DIRECTORS; PHONSO J. RAYFORD,** | § | |
| **Warden, Connally Unit, JORDAN** | § | |
| **PORTILLO, Lieutenant, Connally Unit;** | § | |
| **UNKNOWN CORRECTIONAL** | § | |
| **OFFICER #1, Connally Unit; and** | § | |
| **UNKNOWN CORRECTIONAL** | § | |
| **OFFICER #2, Connally Unit,[1]** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER OF DISMISSAL

Before the Court are *pro se* Plaintiff Dre' Den Dumas's ("Dumas") 42 U.S.C. § 1983
Amended Civil Rights Complaint, more definite statement, and a "Motion to Dismiss Pursuant to
Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)" filed by Defendants Texas Department of
Criminal Justice Board of Directors ("the Board"), Connally Unit Warden Phonso J. Rayford
("Rayford"), and Connally Unit Lieutenant Jordan Portillo ("Portillo"). (ECF Nos. 17, 23, 27).
Upon review, the Court orders the motion to dismiss **GRANTED**. (ECF No. 27); *see*
FED. R. CIV. P. 12(b)(1), (6). The Court orders Dumas's claims against the Board, Rayford,
Portillo, Connally Unit Unknown Correctional Officer #1, and Connally Unit Unknown

---

[1] Upon the filing of the motion to dismiss, two defendants were more fully identified. (ECF No. 27). The Defendant
initially named as "Warden, Connally Unit" has been identified as "Phonso J. Rayford, Warden, Connally Unit." (*Id.*).
The Defendant initially named as "F/N/U Portillo, Lieutenant" has been identified as "Jordan Portillo, Lieutenant,
Connally Unit." (*Id.*). Thus, the Clerk of Court is directed to change the style of the case to reflect the full names and
titles of these Defendants as set out in the style of this Order.

Correctional Officer #2 in their official capacities for monetary damages **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION** based on sovereign immunity.[2] (ECF No. 17); *see* U.S. CONST. amend. XI. The Court further orders Dumas's claims against Defendant Portillo in his individual capacity **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted based on Dumas's failure to exhaust his available administrative remedies. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(a).

## BACKGROUND

Following a 2019 conviction in Tarrant County for the offense of murder, Dumas was sentenced to thirty years' confinement. *See* Texas Department of Criminal Justice Inmate Search (last visited Feb. 15, 2022). Dumas is currently confined in Connally Unit of the Texas Department of Criminal Justice ("TDCJ"). *Id.*

While confined in the Connally Unit, Dumas filed a Complaint pursuant to 42 U.S.C. § 1983 against numerous defendants. (ECF No. 1). Dumas subsequently filed an Amended Complaint. (ECF No. 17). In his Amended Complaint, Dumas appears to allege violations of his First and Eighth Amendment rights based on TDCJ's grooming policy and its policy regarding use of chemical agents by TDCJ officers when inmates refuse to comply with direct orders. (*Id.*). He claims the grooming policy violates his rights under the First Amendment. (*Id.*). Dumas further claims his Eighth Amendment rights were violated when chemical agents were used on him for

---

[2] Defendants Unknown Correctional Officer #1 and Unknown Correctional Officer #2 were never identified by Dumas. (ECF No. 17). In the motion to dismiss, counsel for the other Defendants states Dumas failed to provide sufficient information to permit identification of the unnamed correctional officers. (ECF No. 27). Thus, counsel only had authority to represent the named Defendants. (*Id.*). Accordingly, this Court will undertake review of the claims against the unidentified correctional officers pursuant to sections 1915A(a) and 1915(e) of Title 28 of the United States Code. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a).

failing to comply with an order and his head was forcefully shaved. (*Id.*). He seeks only monetary damages. (*Id.*)

**STANDARD OF REVIEW**

### A.   *Motion to Dismiss — Federal Rules of Civil Procedure 12(b)(1), (6)*

#### 1.   *Rule 12(b)(1)*

Rule 12(b)(1) allows for a dismissal of a complaint based on the absence of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject matter jurisdiction may be found based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming*, 281 F.3d at 161. The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Id.* "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.*

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Id.* This prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Id.*

In reviewing a motion to dismiss based on Rule 12(b)(1), a district court is empowered to consider matters of fact that may be in dispute. *Id.* Ultimately, a Rule 12(b)(1) motion to dismiss should be granted only if it appears certain the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Id.*

2. *Rule 12(b)(6)*

Rule 12(b)(6) permits a party to move for dismissal of a complaint for failure to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). When a district court reviews a motion to dismiss pursuant to Rule 12(b)(6), it must construe the complaint in the plaintiff's favor, taking "all well–pleaded facts as true" and asking whether the complaint contains sufficient "facts to state a claim to relief that is plausible on its face." *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016); *see* FED. R. CIV. P. 12(b)(6). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's legal conclusions are not entitled to the same deference and assumptions as his well pleaded facts; "[t]hreadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Thus, although the Court must accept well–pleaded factual allegations as true, it need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Moreover, when, as here, the Court has provided an IFP plaintiff with an opportunity to amend his complaint or provide a more definite statement, the Court's "license to engage in speculation as to the existence of additional facts" is limited. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). In other words, a district court does not abuse its discretion in dismissing an IFP plaintiff's claims when it has provided him with an opportunity to state his allegations more specifically.

Although generally the Court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to

dismiss to which the complaint refers and which are central to the plaintiff's claims, as well as matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010); *see United States ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (stating that "the court may consider ... matters of which judicial notice may be taken"). Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b).

**B.  *Dismissals for In Forma Pauperis Proceedings — 28 U.S.C. §§ 1915(e)(2), 1915A(a)***

Under section 1915A(a) of Title 28 of the United States Code, this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case, notwithstanding any filing fee, if it is determined that action is (i) frivolous or malicious, (ii) fails to state claim on which relief may be granted, or (iii) seeks monetary relief from defendant who is immune from such relief). Such a dismissal may occur at any time, before or after service of process and before or after a defendant files an answer. *Shanklin v. Fernald*, 539 F. Supp.2d 878, 882 (W.D. Tex. 2008) (citing *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986)).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

In evaluating whether a complaint states a claim under sections 1915A(b) and 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). When reviewing a *pro se* plaintiff's complaint, the court must construe the allegations liberally, holding the *pro se* to less stringent pleading standards than those applicable to lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97,106 (1976)); *see Haines v. Kerner*, 404 U.S. 519 , 520–21(1972). However, a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**ANALYSIS**

### A.  *Rule 12(b)(1) — All Defendants*

In his response to this Court's Order for More Definite Statement, Dumas stated he was suing all Defendants in their official capacities but suing only Portillo in both his individual and official capacities. (ECF Nos. 20, 23). And, as noted above, in his Amended Complaint, Dumas seeks only monetary damages for the alleged section 1983 violations. (ECF No. 17). In their motion to dismiss, the Board, Rayford, and Portillo contend Dumas's claims against them in their official capacities for monetary damages are barred by sovereign immunity under the Eleventh Amendment. (ECF No. 27); *see* U.S. CONST. amend. XI. In addition to determining whether this is correct, the Court must also determine whether Dumas's claims against Unknown Correctional Officer #1 and Unknown Correctional Officer #1 are barred for the same reason. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a).

The Eleventh Amendment bars suits by private citizens against a state in federal court. *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011); *K.P. v. Leblanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citing *Hutto v. Finney*, 437 U.S. 678, 700 (1978)); *see* U.S. CONST. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). Federal claims against state employees in their official capacities are the equivalent of suits against the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Monell*, 436 U.S. at 658, 690 n.55 (1978). The bar of the Eleventh Amendment is in effect when state officials are sued for monetary damages in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985);

7

*Cory v. White*, 457 U.S. 85, 90, (1982). This is so because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Graham*, 473 U.S. at 169 (quoting *Brandon v. Holt*, 469 U.S. 464, 471 (1985)).

Regarding section 1983 claims, the Supreme Court has held a state is not considered a "person" within the meaning of the statute. *Will*, 491 U.S. at 64. Accordingly, although state officials literally are persons, if sued in their official capacities, they are not deemed "persons" for purposes of section. *Id.* at 71. In other words, a suit against an official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. *Id.*; *Brandon*, 469 U.S. at 471. As a suit against the official's office, it is no different from a suit against the state itself. *Will*, 491 U.S. at 71 (citing *Graham*, 473 U.S. at 165–66; *Monell*, 436 U.S. at 690 n.55). Thus, section 1983 suits brought against state officials in their official capacities for monetary damages or for retrospective relief are, likewise, barred under the Eleventh Amendment. *See id.*

As TDCJ employees, Rayford, Portillo, and the Unknown Correctional Officers are officials of the State of Texas. Thus, Dumas's claims against these Defendants in their official capacities for monetary damages or other retrospective relief are subject to dismissal for want of jurisdiction based on sovereign immunity. *See Will*, 491 U.S. at 71; *see also* U.S. CONST. amend. XI. Moreover, the Board is an instrumentality of the State and is likewise immune under the Eleventh Amendment. *See Ruiz v. Price*, 84 F. App'x 393, 395 (5th Cir. 2003) (per curiam); *see also* U.S. CONST. amend. IX.

### B. *Rule 12(b)(6) — Defendant Portillo*

Portillo is the only Defendant sued in his individual capacity.[3] (ECF No. 23). Portillo contends he is entitled to a dismissal pursuant to Rule 12(b)(6). (ECF No. 27). Portillo argues Dumas has failed to state a claim upon which relief may be granted because he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PRLA"). (*Id.*).

The PRLA was enacted to reduce the number of prisoner suits by weeding out unmeritorious claim. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). One of the ways the PRLA seeks to accomplish this goal is through a robust exhaustion requirement. *Id.* at 84–85. Under the PRLA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory. *Woodford*, 548 U.S. at 85. Exhaustion is not defined by the PRLA; rather, it is defined by the particular prison's grievance procedures, and courts may not add or subtract from them. *Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015). Exhaustion is not jurisdictional, but rather an affirmative defense on which the defendant bears the burden of proof.

---

[3] Even if Dumas had sued Rayford and the Unknown Correctional Officers in their individual capacities, such claims would be subject to dismissal. As to Rayford, Dumas specifically states he is "claiming the Warden is responsible only in his supervisory capacity as Warden." (ECF No. 23). To state a section 1983 claim against a defendant in his individual capacity, a plaintiff must allege the defendant was personally involved in the actions complained of or is responsible for the policy or custom giving rise to the alleged constitutional deprivation. *See Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017). Dumas specifically pleads Rayford is liable only in his supervisory capacity and has not alleged Rayford was responsible for a policy or custom that gave rise to any alleged constitutional violation. (ECF Nos. 17, 23). Thus, to the extent Dumas may have sued Rayford in his individual capacity, he has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); FED. R. CIV. P. 12(b)(6).

As for the Unknown Correctional Officers, even if sued in their individual capacities, Dumas's claims against them would require dismissal. Dumas failed to identify them despite having notice of the problem upon the filing of the motion to dismiss. (ECF No. 27). Dumas could have undertaken discovery against the identified Defendants in an effort to determine the identity of the Unknown Correctional Officers, but he did not.

*Jones v. Bock*, 549 U.S. 199, 216 (2007). As such, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.*

Whether an inmate has exhausted his administrative remedies is a mixed question of law and fact. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). Even if the matter of exhaustion turns on questions of fact, such questions may be resolved by the district court because "exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time[.]" *Id.* at 272.

The Fifth Circuit takes a strict approach to exhaustion. *Id.* at 268. Exhaustion must be completed before suit; it may not be excused if it occurs while the suit is pending. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Substantial compliance is insufficient; prisoners must properly exhaust all available remedies by, among other things, complying with deadlines and procedural rules.[4] *See Dillon*, 596 F.3d at 268. Any inmate complaining of wrongful conduct is expected to provide details to prisons officials regarding who was involved, when the incident occurred, and other available information about the incident sufficient to permit an investigation into his claims. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). When an inmate fails to exhaust his available administrative remedies through the prison grievance process prior to filing his section 1983 action, the Court must dismiss the action. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

---

[4] The only limit to the exhaustion requirement "is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'" *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016). However, Dumas has not alleged administrative remedies were unavailable. (ECF No. 23). Rather, Dumas claims he did not fail to exhaust his administrative remedies because this is a federal matter and all he needed to do before filing suit was to write to TDCJ headquarters in Huntsville, which he did. (*Id.*). Dumas is incorrect. *See Johnson v. Johnson*, 385 F.3d 505, 515 (5th Cir. 2004); *see also* 42 U.S.C. § 1997e(a).

As set out above, Dumas is confined in TDCJ's Connally Unit. (ECF Nos. 1, 17). The Texas Legislature requires every prison facility to implement a written plan for inmate grievance procedures. *See* 37 Tex. Admin. Code Ann. § 283.3. In compliance with the Legislature's mandate, TDCJ promulgated the Offender Orientation Handbook ("the Handbook").[5] *See Tex. Dep't of Criminal Justice Offender Orientation Handbook* (revised 2017), *available at* https://www.tdcj.texas.gov/documents/Offender_Orientation_Handbook_English.pdf (last visited Feb. 15, 2022). Section VIII of the Handbook sets out a two–step grievance process that inmates must follow in order to exhaust their administrative remedies. *See Johnson*, 385 F.3d at 515.

According to the Handbook, inmates are first required to "attempt to informally resolve" any problem. *Tex. Dep't of Criminal Justice Offender Orientation Handbook*, § VIII(B), p. 73 (revised 2017). If informal attempts fail, the inmate moves to "Step 1" in which the inmate submits a grievance form to the "unit grievance investigator" within fifteen days of the date the alleged occurrence or incident took place. *Id.* at p. 74. The inmate must note on the Step 1 form the informal resolution steps taken. *Id.* at 73–74. If the inmate is dissatisfied with the response to his Step 1 grievance, he proceeds to "Step 2" by filing a different form with the unit grievance investigator within fifteen days of the date his Step 1 grievance was returned to him. *Id.* at 74. Only when an inmate has attempted informal resolution and completed both Steps has he exhausted his administrative remedies, thereby allowing him to file suit. *Johnson*, 385 F.3d at 515.

Here, Dumas did not attach an official Step 1 or Step 2 grievance to either his original Complaint or, his Amended Complaint. (ECF Nos. 1, 17). In the Order for More Definite

---

[5] This Court may and will take judicial notice of the Handbook. *See Ali v. Stephens*, 822 F.3d 776, 782 n.5 (5th Cir. 2016) (noting court has previously taken judicial notice of the Handbook and would do so again) (citing *Cantwell*, 788 F.3d at 509); *see also* Fed. R. Evid. 201.

Statement, the Court specifically ordered Dumas to state whether he had exhausted his administrative remedies, explain how he exhausted his administrative remedies, and to attach copies of any grievances filed. (ECF No. 20). In response, Dumas stated:

> No, I did not fail to exhaust my administrative remedies. Due to this being a federal matter involving the violation of (laws), writing a grievance is not a administrative remedy that I have to my disposel in TDCJ. The only administrative remedy that I have concerning the matter is to write to the TDCJ headquarters in (Huntsville). Which I even did the grievance form, it was simply sent back to me with no response. I have attached it with this motion. [sic]

(ECF No. 23). Attached to Dumas's more definite statement was a Step 1 grievance form in which Dumas complained about the matters raised in this section 1983 matter. (*Id.*). The grievance form contains no official number, TDCJ investigative response, or documentation showing TDCJ ever received it. (*Id.*). Dumas also failed to include an official Step 2 grievance demonstrating exhaustion. (*Id.*).

The Court finds this is tantamount to an admission by Dumas that he failed to exhaust his administrative remedies prior to filing this matter. Dumas seems to believe he was not required to use the grievance procedures set out in the TDCJ Handbook because he was filing suit under federal law. (ECF No. 23). This is completely contrary to the PRLA's requirement. *See* 42 U.S.C. § 1997e(a). A suit brought pursuant to section 1983 necessarily involves alleged violations of the federal Constitution or federal law. These are the precise claims that require exhaustion under the PRLA. *Id.* Thus, the Court finds Dumas failed to exhaust his administrative remedies and therefore, as to any claims against Portillo in his individual capacity, he has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); Fᴇᴅ. R. Cɪᴠ. P. 12(b)(6).

CONCLUSION

Based on the foregoing, the Court finds the motion to dismiss filed by the Board, Rayford, and Portillo should be granted. Dumas's claims against the Board, Rayford, Portillo, Connally Unit Unknown Correctional Officer #1, and Connally Unit Unknown Correctional Officer #2 in their official capacities for monetary damages are subject to dismissal based on sovereign immunity. Dumas's claims against Portillo in his individual capacity is subject to dismissal for failure to state a claim upon which relief may be granted based on Dumas's failure to exhaust his available administrative remedies.

**IT IS THEREFORE ORDERED** that the "Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)" filed by the Board, Rayford, and Portillo (ECF No. 27) is **GRANTED**.

**IT IS FURTHER ORDERED** that Dumas's claims against the Board, Rayford, Portillo, Unknown Correctional Officer #1, and Unknown Correctional Officer #2 in their official capacities for monetary damages (ECF No. 17) are **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION** based on sovereign immunity under the Eleventh Amendment. *See* U.S. CONST. amend. XI,

**IT IS FURTHER ORDERED** that Dumas's claims against Portillo in his individual capacity (ECF No. 17) are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim

upon which relief may be granted based on Dumas's failure to exhaust his available administrative remedies. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(a).

It is so **ORDERED**.

SIGNED this 16th day of February, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

14